IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  9:15-CV-80642-Rosenberg/Brannon

PATRICIA KENNEDY,

       Plaintiff,

vs.

NICK CORCOKIOS ENTERPRISES, INC.,

       Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT (DE15)**

      **COMES NOW** the Defendant NICK CORCOKIOS ENTERPRISES, INC., by and through its undersigned counsel and files this, its Response to Plaintiff's Motion for Summary Judgment (DE15) as follows:

      1.     This is an ADA lawsuit, in which the answer filed by the Defendant does not dispute that there are non-ADA compliant conditions within the property. A review of the answer indicates that the defendant admitted there are non-ADA compliant conditions and those conditions are being remedied. The central issue to be decided by this court is whether summary judgment should be granted to compel a defendant to do that which it has already agreed to do.

      2.     Despite the issues framed by Defendant's answer, Plaintiff propounded expansive form discovery. The response to the request for admissions mimicked the position taken in the answer. The remaining discovery appears to be moot or irrelevant given defendant is not contesting that there are non-ADA compliant conditions. What therefore, is the purpose of moving for summary judgment? It certainly cannot be to seek an injunction against an entity that is already agreeing to make the corrections contained within plaintiff's expert report. Can this

**LABOVICK LAW GROUP**
Suite 200 · 5220 Hood Rd. · Palm Beach Gardens, FL 33418 ·561.625.8400

court enjoin a party to do that which it has already agreed to do? The purpose of seeking an extension of time to respond to the motion for summary judgment was to obtain an affidavit from the corporate owner attesting to the fact that he is voluntarily making the changes contained within plaintiff's report, a copy of which is attached to the motion for summary judgment. As is candidly admitted in this response, there is no defense being made of the fact that there are non-ADA compliant conditions. There was no intent to discriminate[1], the non ADA compliant conditions have not been alleged or proven to have been known to the Defendant. Obviously, ignorance of the law is no defense. But the claim of discrimination is not proven by simply pointing out non-ADA conditions and claiming such discrimination exists. As stated in the request for an extension of time to respond to the motion, this is not a case about ADA discrimination, it is a case of how much fees and costs are being sought.

3.      Recent opinions have allowed for mootness to be raised due to voluntarily ceasing the conduct or making the changes. In the case of *Thomas v. Branch Banking*, 32 F.Supp.3d 1266 (N.D. GA 2014) the defendant established mootness based on voluntarily ceasing conduct complained about. There can be no plausible explanation raised by the plaintiff herein that this defendant would reverse the corrective changes at a later date. Why or how could this Defendant un-correct the non-ADA compliant changes? As in the Thomas case, it would cost the Defendant money to reverse the corrective changes. That makes no sense.

The voluntary cessation doctrine has been cited locally by Southern District Judge Scola in the case of *Houston v. 7-Eleven, Inc.* in dismissing an ADA case for mootness when 7-Eleven established it had fixed all of the non-ADA compliant conditions. See *Houston v.* 7-Eleven, Inc.,

---

[1] The additional purpose of the request for a greater amount of time to respond to the motion for summary judgment was to obtain an affidavit from the out of the country Defendant owner of a lack of intent to discriminate. Having received a certificate of occupancy from Palm Beach County, he presumed the facility met all applicable codes, including the ADA.

2014WL 351970 (S.D. Fla. Jan. 31, 2014). In this opinion Judge Scola states: "*There is zero chance of 7-Eleven spending money to undo the structural modifications it just paid $30,000 to implement.*"

Southern District Judge Cohn has also referenced this doctrine in the case of *Access 4 All, Inc. v. Bamco VI, Inc.,* 2012 WL 33163 (S.D. Fla. Jan. 6, 2012) in which plaintiff's motion for summary judgment was denied for a variety of reasons, one of which was that there was nothing in the record to suggest that defendants ADA noncompliance was a continuing and deliberate practice. Contained within this opinion is the following: "*Although the record before the court does not reflect an explicit omission of liability by the defendant, defendant's actions reflect that it has taken full responsibility for ADA violations at its property and has acted promptly to correct them.*"

The same logic would apply to this case. All one needs do is look at the answer filed in this case as well as the response to the request for admissions to determine that defendant is genuine in its assertions.

If this Court believes discrimination has been proven via the Plaintiff's submissions and grants the Motion; it will not change anything. The Defendant will still continue with its intended corrections of the non-ADA conditions.

Respectfully submitted,

By: S/ Joseph R. Fields, Jr.
Joseph R. Fields, Jr., Esq.

# LABOVICK LAW GROUP
Suite 200 · 5220 Hood Rd. · Palm Beach Gardens, FL 33418 · 561.625.8400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28 day of August 2015, a true and correct copy of the foregoing has been furnished via email to counsel of record or pro se parties identified on the attached Service List.

**LABOVICK LAW GROUP**
*Attorney for Defendant*
By: S/ Joseph R. Fields, Jr
**Joseph R. Fields, Jr., Esquire**
Florida Bar No. 0654698
5220 Hood Road, Suite 200
Palm Beach Gardens, FL 33418
Telephone: 561/625-8400
Facsimile: 561/894-2986

### SERVICE LIST
KENNEDY v. NICK CORCOKIOS ENTERPRISES, INC.
CASE NO. 9:15-CV-80642-Rosenberg/Brannon
United States District Court, Southern District of Florida

Philip Michael Cullen, III, Esq.
FBN: 167853
Email: cullen@thomasbaconlaw.com
Attorneys for Plaintiff
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, FL 33301
Telephone: 954/462-0600
Facsimile: 954/462-1717