UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80642-ROSENBERG/BRANNON

PATRICIA KENNEDY,

    Plaintiff,

v.

NICK CORCOKIUS ENTERPRISES, INC.,

    Defendant.

                                         /

## ORDER DENYING SUMMARY JUDGMENT AND PARTIALLY DISMISSING CLAIMS AS MOOT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment [DE 15] and Defendant's Unopposed Motion to Supplement Response to Plaintiff's Motion for Summary Judgment [DE 37]. Upon careful review of these motions, the other relevant pleadings, *see* DE 16-17, 23, 28, 34, and 41, and the record, the Court finds that twenty-four of the twenty-nine Americans with Disabilities Act ("ADA") violations alleged in Plaintiff's expert report, which is the subject of Plaintiff's Motion for Summary Judgment, are moot due to Defendant's voluntary cessation; accordingly, these claims are **DISMISSED**.[1] As to the five remaining violations, which Defendant admits it has not remedied, the record reveals disputes of material fact precluding summary judgment; accordingly, Plaintiff's Motion for Summary Judgment [DE 15] is **DENIED**.

### I.     PROCEDURAL HISTORY

Plaintiff initiated this action under the ADA, alleging that a shopping plaza owned by Defendant, known as Concord Plaza, has structural barriers to access for those who, like her, are

---

[1] Although Defendant has not filed a motion to dismiss the claims, it has presented mootness as a defense to summary judgment. The Court finds it appropriate to *sua sponte* dismiss the moot claims because mootness is jurisdictional in nature. *See generally Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331-32 (11th Cir. 2005).

1

confined to a wheelchair. *See* DE 1. The complaint lists seven violations framed in general terms:

1. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.
2. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.
3. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, non-compliant curb approaches.
4. There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes.
5. There are non-compliant restrooms, with inaccessible commodes, flush controls on wrong side, inaccessible sinks, improperly located amenities, lack of compliant grab bars, poorly wrapped pipes, pipe wrapping falling off, obstructions, and hazardous drain on floor.
6. There is a lack of compliant accessible seating and tables.
7. There are inaccessible transaction counters.

DE 1 at ¶ 7. Plaintiff hired an expert who examined the property and produced a report listing specific violations numbered as Items 001-029, which also contained photographs of the alleged violations. *See* DE 16 at 17-27; DE 37-1 at 6-10. These violations are alleged to exist within several different restaurants at Concord Plaza, including Dunkin' Donuts, Papa Johns, Subway, and Mangos Café Bakery. *Id.* The "Items" in the expert report are much more specific and detailed than the violations alleged in the complaint.

Defendant's answer "[a]dmitted that there were/are non-ADA compliant conditions," but alleged that "all of those conditions are being or will be remedied within a reasonable period of time." *See* DE 13 at ¶ 7. Defendant also denied that injunctive relief was necessary because Defendant "intend[ed] on correcting everything that needs to be corrected in order to make the property completely accessible to persons with any disability." *Id.* at ¶ 19. Plaintiff served Defendant with a request for admissions, and Defendant admitted, *inter alia*, "that Defendant's

property contains barriers to access as defined under the Americans with Disabilities act"; "that the removal of any barriers to access on Defendant's property would not create an undue hardship on the Defendant"; and "that the removal of any barriers to access on Defendant's property is readily achievable." DE 23 at 7.

Plaintiff moved for summary judgment, relying on her own affidavit attesting to the non-compliant conditions, Defendant's response to the request for admissions, and her expert's report. *See* DE 15-17, 23. Defendant opposed summary judgment on the grounds that the case was moot, because Defendant was "not contesting that there are non-ADA compliant conditions" and had "agree[d] to make the corrections contained within plaintiff's expert report." DE 28 at ¶ 2. Plaintiff responded that the case was not moot because Defendant had not "actually eliminated the violations it admits exist at its property" and was merely "'agreeing' to make changes without even specifying what changes it has in mind." DE 34 at 3.

About a month later, Defendant moved to supplement its opposition to summary judgment with an affidavit from Defendant's owner describing how he has addressed each of the issues raised in Plaintiff's expert report, with photographs. *See* DE 37. Defendant argues, "[T]his case is either moot or the Motion for Summary Judgment should be denied if the Court feels there are factual issues regarding the extent of the modification and whether they are sufficient." *Id.* at 1-2. Plaintiff did not oppose this supplemental summary judgment evidence, but she filed a supplemental reply arguing that the affidavit is inadmissible because "[w]hether or not any changes the Defendant made to its property comply with the ADA is a subject for expert testimony." DE 41 at 2; *see also* DE 37 at ¶ 5.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3

56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.   ANALYSIS

**A.   The majority of the alleged violations are moot under the doctrine of voluntary cessation.**

"If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.

Indeed, dismissal is required because mootness is jurisdictional." *Houston v. 7-Eleven, Inc.*, No. 13-60004-CIV, 2014 WL 351970, at *1 (S.D. Fla. Jan. 31, 2014) (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F. 3d 1276, 1281 (11th Cir. 2004)). However, a defendant cannot always moot a case by voluntarily ceasing the offended behavior; otherwise "courts would be compelled to leave the defendant free to return to his old ways." *Id.* (quoting *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007)). Under the voluntary cessation doctrine,

> "A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur.*" [*Sheely*, 505 F. 3d at 1183] (quoting *Friends of the Earth,* 528 U.S. at 189). "The formidable, heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Id.* (quoting *Friends of the Earth,* 528 U.S. at 190).
>
> Under the voluntary-cessation doctrine, a court must evaluate a defendant's assertion that the case is moot because the offending behavior has ceased by analyzing three factors: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Id.* at 1184.

*Houston*, 2014 WL 351970, at *2.

"Several courts have found that where structural modifications have been undertaken to make the facility ADA compliant the case is moot. . . . The fundamental rationale supporting these cases is that the alleged discrimination cannot reasonably be expected to recur since structural modifications permanently undo the offending conduct." *Id.* (dismissing case as moot where defendant acted without delay to remedy the structural barriers, spent $30,000 to implement structural modifications, and admitted liability); *see, e.g., Thomas v. Branch Banking*, 32 F. Supp. 3d 1266, 1269 (N.D. Ga. 2014) (dismissing case as moot when, during lawsuit, defendant remedied non-ADA-complaint conditions as part of company-wide plan initiated prior

5

to lawsuit); *Nat'l Alliance for Accessibility, Inc. v. Walgreen Co.*, No. 10-Civ-780-J-32-TEM, 2011 WL 5975809, *3 (M.D. Fla. Nov. 28, 2011) (collecting cases).

Here, in opposition to summary judgment, Defendant has submitted an affidavit from its owner. This affidavit states the owner is a retired mechanical engineer, that he has personal knowledge of the facts contained in the affidavit, and that he "ha[s] made all necessary corrections to the property." DE 37-1 at 1 ¶¶ 1, 3. The affidavit goes through each of the 29 "Items" in the Plaintiff's expert report and specifically describes how the owner addressed them. DE 37-1 at 2-5 ¶ 4. It also appends photographs of the modifications. DE 37-1 at 15-20.

Regarding Items 028 and 029, Plaintiff concedes that these conditions have been remedied. *See* DE 41 at 1 n.1. For nearly all of the other "Items," Defendant's owner made the changes suggested by Plaintiff's expert. For example, Item 001 of Plaintiff's expert report states that, in a unisex accessible restroom of the Concord Plaza Dunkin' Donuts, the side wall grab bar is mounted at 36.75 inches above the floor, and should be mounted 33 inches to 36 inches above the floor. *See* DE 16 at 17. The affidavit of Defendant's owner states that this "was corrected by moving the grab bar," and attaches a photograph demonstrating this. *See* DE 37-1 at 3 ¶ 4(a); at 15 (Defendant's photo #3). Items 002-006, 009-011, 013-024, and 027 are essentially the same: Defendant took the action proposed by Plaintiff's expert by adjusting the height, angle, etc. of the relevant items. *Id.* at 2-10. Where Defendant took a different action to remedy the conditions, Plaintiff's supplemental reply does not dispute that these alternative changes are sufficient to bring the facility into compliance.[2] To the extent Plaintiff challenges the sufficiency of Defendant's evidence because some of the photographs do not show measurements, *see* DE 41 at 4, the Court finds that the photographs are sufficient when considered in conjunction with the

---

[2] For example, regarding Item 019, Plaintiff's expert recommended that the restroom urinal be lowered 2.5 inches, *see* DE 37-1 at 8, but Defendant instead removed the urinal entirely. DE 37-1 at 3 ¶ 4(s).

6

owner's statements describing how he remedied the conditions. To the extent Plaintiff challenges the "Items" which the owner admits he did not remedy, *see* DE 41 at 3-4, these alleged violations are not moot and are discussed further *infra*.

Plaintiff argues the affidavit of Defendant's owner is inadmissible because "[w]hether or not any changes the Defendant made to its property comply with the ADA is a subject for expert testimony." DE 41 at 2. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). The cases Plaintiff cites hold that expert testimony is required as to whether suggested modifications are "readily achievable," not whether completed modifications have brought the property into compliance with the ADA. *See Brother v. CPL Investments, Inc.*, 317 F. Supp. 2d 1358, 1371 (S.D. Fla. 2004) ("Plaintiffs are not equipped by knowledge, training or education in the many technical and engineering elements that can be affected by particular removal methods. Thus, the suggestion of methods of removal and a showing *that the suggested methods are readily achievable* require guidance by an expert.") (emphasis added); *Lieber v. Macy's W., Inc.*, 80 F. Supp. 2d 1065, 1078 (N.D. Cal. 1999) ("The opinion testimony of Macy's lay witnesses was not probative. It was not based on more than 'guesstimates' of the impact of providing more space between racks and the concomitant impact on selling space. There was an absence of any empirical or other studies or investigation into *the feasibility of providing access*.") (emphasis added). In contrast, the Court finds that the affidavit of Defendant's owner, which describes the corrective actions he took to bring the property into compliance with the ADA, is admissible evidence because it was made from personal knowledge and is not so technical that expert testimony is required to understand the changes made. *See Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 417-18 (11th Cir. 2011) (holding district court properly admitted testimony of defendant's owner regarding actions he had taken to bring property into

7

ADA compliance, such as that he had "leveled a threshold of a door and . . . moved grab bars an inch or two," because this "testimony was limited to facts within his personal knowledge"); *see also Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1047 (9th Cir. 2013) (holding that "an expert witness is not permitted, much less required, to instruct the jury on the law of ADA compliance" and noting that "[a] jury is perfectly capable of understanding that there is 'no handle mounted below the lock of the water closet stall door' or that the slope of the sidewalk exceeds 2.0%").

In sum, Defendant has presented sufficient evidence that it has remedied the conditions listed in Items 001-006, 009-011, 013-024, and 027-29 of Plaintiff's expert report. Defendant has admitted liability as to these claims and has invested time and money in remedying these twenty-five separate violations; his costs for doing so are estimated in handwritten notations the owner made on Plaintiff's expert report. *See* DE 37-1 at 6-10. The Court finds that the wrongful behavior cannot reasonably be expected to reoccur. *See Houston*, 2014 WL 351970, at *1. Accordingly, these claims are dismissed as moot.[3]

**B.    Plaintiff's remaining claims present disputes of material fact precluding summary judgment.**

For the remaining "Items" (007, 008, 012, 025, and 026) the affidavit of Defendant's owner admits that the challenged conditions have not been remedied. *See* DE 37-1 at 2 ¶ 4(g)-(h), at 3 ¶4(*l*), at 4 ¶ 4(y)-(z). The Court must therefore consider whether Plaintiff is entitled to summary judgment on these claims. *See, e.g., Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1379 (S.D. Fla. 2011) (dismissing nine claims as moot, where parties agreed the violations had been remedied, and then considering evidence of compliance regarding the other eight claims).

---

[3] Defendant has not actually filed a motion to dismiss these claims, but rather has presented mootness as a defense to summary judgment. Regardless, "[b]ecause the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte*[.]" *Nat'l Advert.*, 402 F.3d at 1331-32.

Upon review of the record, the Court finds that there are disputes of material fact precluding summary judgment.

Regarding Items 007, 008 and 026, Plaintiff's expert report states that "[t]here are no accessible tables provided" in the seating area of the Dunkin' Donuts (Item 007) and Mangos Café Bakery (Item 026), and that the cashier counter at the Papa Johns "does not have a lower portion of the counter" (Item 008). DE 16 at 18, 22. The photos that Plaintiff's expert cites to show these violations are not conclusive, because they depict only the exterior of the Papa Johns. *See* DE 16 at 24 (Plaintiff's photos 010 and 011). Defendant responds by submitting photos of tables and countertops that Defendant's owner states are ADA-accessible and have existed since the facilities were opened. *See* DE 37-1 at 2 ¶ 4(g)-(h), at 4 ¶ 4(z), at 15-16 (Defendant's photos #1, 17, 19-20). However, the photos submitted by Defendant do not conclusively show the tables and counters are ADA compliant. Because there is insufficient evidence from which to determine whether Defendant is in compliance as to Items 007, 008, and 026, Plaintiff has failed to meet its burden on summary judgment.

Regarding Item 012, Plaintiff's expert states that, in the men's restroom of the Subway, the water closet has a 36-inch long side wall grab bar, and Defendant should "install a 42[-inch] (1066 mm) min. long side wall grab bar[.]" DE 16 at 19. Defendant's owner responds that Item 012 "was not corrected because a 42 inch grab bar will not fit in the space between the wall and the bathroom door. There is not enough space on this wall to install such a 42 inch grab bar. A 42 inch grab bar would extend the grab bar into the space where the door exists." DE 37-1 at 3 ¶ 4(*l*). The photos submitted by both Plaintiff and Defendant show that this is true. *See* DE 16 at 24 (Plaintiff's photo #016); DE 37-1 at 17 (Defendant's photo #27). Defendant appears to be arguing that Plaintiff's suggested correction is not readily achievable, because extending the length of the grab bar would require the doorway or walls to be altered. *See generally Access*

9

*Now, Inc. v. S. Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) (An ADA plaintiff alleging discrimination due to an architectural barrier must show that "the removal of [the barrier] is readily achievable. . . . If Plaintiff makes this initial showing, Defendants have the opportunity to rebut Plaintiff's case by showing that removal of the disputed barrier could not be accomplished without much difficulty or expense."). Whether the correction of this alleged violation is readily achievable is a question of fact that cannot be resolved on the present summary judgment record, which contains no expert or lay evidence as to the feasibility or cost of the modifications. *See id.* ("'[R]eadily achievable is a fact-intensive inquiry that will infrequently be decided on summary judgment[.]'").

In response to requests for admissions propounded by Plaintiff, Defendant did admit that "the removal of any barriers to access on Defendant's property is readily achievable[.]" DE 23 at 7; *see generally* Fed. R. Civ. P. 36. However, "[a]dmissions under Rule 36 are not intended to be so broad that they cover all the issues in a complex case," and "Plaintiff's request to admit did not specify which of the [twenty-nine] alleged barriers of access the questions were referring to. As written, the questions would be impossible for defendant to respond without conceding liability as to the entire case." *McConnell v. Canadian Pacific Hills Plaza*, No. 4:11-CV-0972, 2014 WL 201102, at *8 (M.D. Pa. Jan. 16, 2014). *Cf. Perez v. Miami-Dade Cnty.*, 297 F.3d 1255 (11th Cir. 2002) ("Essentially, Rule 36 is a time-saver . . . . When a party . . . uses the rule . . . with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases[.]"). The Court construes Defendant's opposition to summary judgment on Item 012 as an attempt to withdraw this admission. *See* Fed. R. Civ. P. 36(b) ("[T]he court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in

maintaining or defending the action on the merits."); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005) (construing opposition to motion to deem party's responses as being admitted as fulfilling Rule 36(b)'s requirement that the relief be sought "on motion"); *Lamark v. Laiwalla*, 2013 WL 5703614, at *1 n.1 (E.D. Cal. Oct. 15, 2013) ("The court will therefore treat defendants' opposition to plaintiff's motion for summary judgment as a motion to withdraw admissions under Rule 36(b).").

Regarding Item 025, Plaintiff's expert states that, in the men's restroom of the Mangos Café Bakery, "[m]aneuvering clearance on the pull side of the door is 57 [inches] wide." DE 16 at 22. Plaintiff's expert opines that Defendant should "[r]ework [the] door side partition to provide the required 36 [inch] (914 mm) min. maneuvering clearance beyond the latch on the pull side of the door and 60 [inches] (1524 mm) min. deep clear floor area (2010 ADA Fig. 404.2.4.1)." *Id.* Defendant's owner responds:

> The issue in Plaintiffs expert's report #025 was not corrected because it is not necessary. Attached hereto and marked as Exhibit D is a copy of the ADA regulations reflecting alternative arrangements. According to the same code cited by plaintiffs expert in his report, there is an alternative arrangement that can be made. Attached hereto and marked as Exhibit E is a copy of the diagram explaining these alternative arrangements. I have circled the option that is applicable to this restroom. It complies with this option.

DE 37-1 at 4 ¶ 4(y). After reviewing the parties' photographs and arguments, the Court cannot determine whether Defendant is in compliance as to Item 025, because there is insufficient information about the layout and measurements of the restroom. Accordingly, Plaintiff has failed to meet its burden for summary judgment on Item 025.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Unopposed Motion to Supplement Response to Plaintiff's Motion for Summary Judgment [DE 37] is **GRANTED**.

11

2. Insofar as the claims in Plaintiff's Complaint [DE 1] are based on the alleged violations identified in Plaintiff's expert report as Items 001-006, 009-011, 013-24, and 027-29, these claims are **DISMISSED** as moot.

3. Insofar as the claims in Plaintiff's Complaint [DE 1] are based on the alleged violations identified in Plaintiff's expert report as Items 007-008, 012, and 025-026, the record reveals disputes of material fact as to whether Defendant is in violation of the ADA. Plaintiff's Motion for Summary Judgment [DE 15] is therefore **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of November, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record