UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80642-ROSENBERG/BRANNON

PATRICIA KENNEDY,

    Plaintiff,

v.

NICK CORCOKIUS ENTERPRISES, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S RENEWED SUGGESTION OF MOOTNESS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Defendant's Renewed Suggestion of Mootness as to Remaining Issues [DE 46] and Plaintiff's Motion for Partial Rehearing or Reconsideration [DE 47]. The Court has reviewed the motions, and the responses and replies thereto, and is otherwise fully advised in the premises. For the reasons set forth below, both motions are **DENIED**.

### I.    BACKGROUND

Plaintiff filed this action under the Americans with Disabilities Act ("ADA"), alleging there were structural barriers to access on property owned by Defendant. *See* DE 1. The specific barriers were listed in an expert report obtained by Plaintiff, which listed specific violations numbered as Items 001-029. *See* DE 16 at 7-27; DE 37-1 at 6-10. After Plaintiff moved for summary judgment, *see* DE 15, Defendant submitted an affidavit from its owner attesting to how he had remedied some of the "Items," and why he believed a change was unnecessary or not readily achievable as to other "Items." *See* DE 37.

1

On November 17, 2015, the Court issued an order denying Plaintiff's motion for summary judgment and dismissing some of Plaintiff's claims as moot. *See* DE 45. The Court found that Defendant had remedied the violations listed in Items 001-006, 009-011, 013-24, and 027-29. Regarding the violations listed in Items 007, 008, 012, 025, and 026, the Court found that there were disputes of material fact as to whether Defendant's property was in violation of ADA.

On November 23, 2015, Defendant filed the present renewed suggestion of mootness. *See* DE 46. Defendant argues that the Court should have found several of the remaining claims moot because Plaintiff's expert simply failed to observe ADA-compliant tables and a countertop. Defendant also argues that one violation is impossible to remedy, and that Plaintiff, a woman, lacks standing to challenge ADA violations inside a men's bathroom.

On November 30, 2015, Plaintiff filed the present motion for reconsideration. *See* DE 47. The motion is directed only to the dismissal of the claims based on Items 001, 002, 004, 006, 011, 013, 014, 015, 017, 018, 020-024. Plaintiff argues the Court acted improperly by *sua sponte* dismissing these claims, because she was not given proper notice and opportunity to respond. She also argues that the violations in the "Items" she cites "cannot be mooted" because they are elements subject to "frequent change."

## II.    LEGAL STANDARD

Although Defendant's motion is not labeled as such, both of the pending motions are in essence motions for reconsideration of this Court's November 17, 2015 Order Denying Summary Judgment and Partially Dismissing Claims as Moot, *see* DE 45. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369

2

(S.D. Fla. 2002) (internal citation omitted). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Id.* (internal citation omitted). District courts have "substantial discretion" in ruling on motions for reconsideration, and "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Id.* at 1369-70. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Id.* at 1370.

### III.   ANALYSIS

**A.   Defendant's Renewed Suggestion of Mootness**

Regarding Items 007, 008, and 026, Defendant argues that the Court should have found that the alleged ADA violations are moot because Plaintiff's expert failed to observe "the tables and/or hinged counter that preexisted the inspection, the filing of the lawsuit, and the point in time that plaintiff alleges she came to the property and faced non-ADA compliant conditions." DE 46 at 1. Defendant's assertion that there are, and always have been, accessible tables and counters on the various properties directly conflicts with Plaintiff's expert report. *See* DE 16 at 18, 22. This is a factual dispute that should be resolved by the finder of fact. Defendant's response to these claims falls outside the doctrine of mootness because Defendant is not admitting that a violation occurred and alleging it was remedied. *See generally Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163, *5 (S.D. Fla. Jan. 6, 2012) ("To determine whether a defendant's voluntary cessation of an offending practice has mooted a case, a court looks to: '(1) whether the challenged conduct was isolated or unintentional, as opposed to

3

a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability.'"). Rather, Defendant is contesting liability by arguing a violation never existed. This is more akin to a motion for summary judgment, which Defendant has not filed, and on which, in any case, the Court could not resolve a factual dispute such as the one presented by the conflicting affidavits from Defendant's owner and Plaintiff's expert. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Accordingly, Defendant's motion is denied as to Items 007, 008, and 026.

Regarding Item 012, Defendant argues it "is simply not feasible" to make the modification suggested by Plaintiff's expert. *See* DE 46 at 2 ¶ 3. The Court addressed this argument in its November 17, 2015 Order, finding Defendant's assertion that the proposed modification is readily achievable raises a question of fact that cannot be decided on the present record. *See* DE 45 at 10. "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King,* 181 F. Supp. 2d at 1369.

Finally, Defendant argues that, because the violations in Items 012 and 025 are inside of a men's restroom, "[i]t is questionable if a woman ADA plaintiff has standing to complain about a [m]en's restroom." DE 46 at 2 ¶ 3. Defendant cites no legal authority for the proposition that a female ADA plaintiff cannot raise violations that exist inside a men's restroom. In response, Plaintiff cites a recent order from this district that rejected this argument:

4

> Defendant argues that even if the Court finds that [Plaintiff] has standing under the ADA to bring claims regarding the restaurant's common areas and women's restroom, she does not have standing to bring claims regarding the men's restroom—particularly the height of the men's urinal. The Court disagrees. The Court can envision a scenario in which the women's restroom becomes inoperable thus requiring [Plaintiff] to use the men's restroom. Moreover, [Plaintiff]—a mobility impaired individual dependent upon a wheelchair—may, on occasion, have to utilize the men's urinal.

*Nat'l Alliance for Accessibility, Inc. v. Windsor Invs. (3600 S.W. 22nd), LLC.*, No. 13-20285-CIV (S.D. Fla. Mar. 18, 2014) (citing *Ass'n for Disabled Ams., Inc. v. Concorde Gaming Corp. (Goldcoast Entm't Cruises, Inc.)*, 158 F. Supp. 2d 1353, 1367 n.11 (S.D. Fla. 2001), which noted that a wheelchair-bound plaintiff utilized the urinal to evacuate a leg bag). In light of the dearth of authority provided by Defendant, and the fact that Defendant's reply fails to distinguish or otherwise address this case, *see* DE 55, the Court finds Defendant is not entitled to relief on this ground.

**B.     Plaintiff's Motion for Reconsideration**

To the extent Plaintiff objects to the Court's dismissal as *sua sponte*, even the case law Plaintiff cites in her motion for reconsideration states, "Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*." *Moeller v. Taco Bell Corp.*, No. C02-05849 MJJ, 2007 WL 2301778, *7 (N.D. Cal. Aug. 8, 2007). Plaintiff was given several opportunities to address Defendant's mootness argument in her Reply in Support of her Motion for Summary Judgment, *see* DE 34, and in her Supplemental Reply in Support of her Motion for Summary Judgment, *see* DE 41. Accordingly, her due process argument is without merit.

Regarding Plaintiff's argument that the violations in the "Items" she cites are not moot, because the elements are subject to "frequent change," the Court finds that the non-binding California district court cases that she cites are factually distinguishable and therefore unpersuasive. In *Moeller*, the defendant's property had "architectural elements that remain[ed]

5

non-ADA complaint," but "[d]efendant claim[ed] that it intend[ed] to modify or remove" them. 2007 WL 2301778 at *8. The district court found that "such representations [did] not render Plaintiffs' ADA claims moot"; that "Defendant ha[d] admitted [that] many of the elements in its restaurants change frequently due to 'regular maintenance, remodels, repairs, and normal wear and tear'"; and that Defendant had further admitted that, "because of this frequent change, the fact that an element is in compliance at one time 'is not dispositive of whether the same element is in compliance' at another time." *Id.* In the present case, there is no evidence in the record that the "Items" cited in Plaintiff's motion for reconsideration change frequently, and there is no admission by Defendant that the "Items" might fall back into non-compliance.

In *Clavo v. Zarrabian*, No. SACV03864CJCRCX, 2004 WL 3709049 (C.D. Cal. May 17, 2004), the court found that the defendant "had an entrenched policy of blocking access to [a wheelchair accessible gate and checkout aisle] in violation of well established law," despite years of complaints by the plaintiff. *Id.* at *4. The court was therefore unconvinced by the defendant's protestations that the violations were unlikely to reoccur. *Id.* In the present case, however, there is no similar evidence.

In *Watanabe v. Home Depot USA, Inc.*, No. CV025088RGKMCX, 2003 WL 24272650 (C.D. Cal. July 14, 2003), the challenged violation was that, when the plaintiff visited the defendants' property, there was a fence and pallets of merchandise blocking the handicap parking spaces and the striped paths though the parking lot. *Id.* at *3. The court found there was "no evidence of any expressed intent of Defendants to comply with the ADA requirements with respect to keeping the handicap parking spaces and the accompanying striped paths clear" or "that Defendants have made any changes with respect to their policies or procedures that would prevent blocking the spaces in the future." *Id.* at *4. The court also found the prior violation was

6

"purposeful and calculated," and "a particularly offensive violation of the ADA." *Id.* The violations in the "Items" listed in Plaintiff's motion for reconsideration, in contrast, are more clearly structural, in that they required Defendant to move or re-mount various objects such as grab bars; Plaintiff points to no evidence showing that, once Defendant had re-located the objects, a policy or procedure was needed in order to ensure the objects would not be moved back. Moreover, Plaintiff has not shown that these violations were intentional or particularly offensive; in most cases, the offending object needed to be moved by a matter of inches.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Renewed Suggestion of Mootness as to Remaining Issues [DE 46] is **DENIED**, and Plaintiff's Motion for Partial Rehearing or Reconsideration [DE 47] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 16th day of December, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE