UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80642-ROSENBERG/BRANNON

PATRICIA KENNEDY,

    Plaintiff,

v.

NICK CORCOKIUS ENTERPRISES, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE

**THIS CAUSE** comes before the Court on Plaintiff's Motion in Limine to Exclude Testimony of Nick Corcokius [DE 48]. The Court has reviewed the motion, and the response and reply thereto, and is otherwise fully advised in the premises. For the reasons set forth below, the motion is **GRANTED**.

Plaintiff moves to exclude "anything in the nature of expert testimony from Nick Corcokius," Defendant's owner, because Defendant failed to provide expert disclosures, as required under Federal Rule of Civil Procedure 26(a)(2)(C), prior to the Court's July 27, 2015 deadline for expert disclosures. *See* DE 10 (scheduling order establishing deadline for expert disclosures). Defendant responds that it provided a Rule 26(a)(1) disclosure to Plaintiff on July 14, 2015, and attaches this disclosure. *See* DE 49. Defendant also argues that the Court should deny Plaintiff's motion in limine because the Court already relied on Mr. Corcokius' affidavit in finding several of the ADA violations moot. *See* DE 49.

Federal Rule of Civil Procedure 26 provides in pertinent part:

**(2)** *Disclosure of Expert Testimony.*
. . .

1

> **(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26(a)(2)(B) (providing that an expert witness must provide written report only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony"). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See, e.g., Jones v. Royal Caribbean Cruises, Ltd.*, No. No. 12-20322-CIV, 2013 WL 8695361, *4 (S.D. Fla. Apr. 4, 2013) (finding that, where Plaintiff's expert witness disclosures simply listed the names of his treating physicians, this failed to comply with Rule 26(a)(2)(C), and excluding expert testimony from those physicians).

 In the Rule 26 disclosure provided by Defendant (attached to his response), Defendant listed Mr. Corcokius as an "Individual Likely to Have Discoverable Information" under Rule 26(a)(1)(A), and noted he "has knowledge of the conditions of the underlying property." *See* DE 49 at 3-4. However, nothing in the disclosure indicates that Mr. Corcokius would offer an expert opinion on the issues in this case. Defendant does not point to any other disclosure it made that would satisfy the requirements of Rule 26(a)(2)(C), or argue that the failure to do so was either substantially justified or harmless.

 Defendant opposes Plaintiff's motion in limine on the grounds that this Court previously relied on Mr. Corcokius' affidavit to find that Defendant had remedied some of the ADA

2

violations alleged by Plaintiff. As discussed in the Court's prior order, the Court considered the affidavit "because it was made from personal knowledge and [was] not so technical that expert testimony is required to understand the changes made." DE 45 at 7. *See Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 417-18 (11th Cir. 2011) (holding district court properly admitted testimony of defendant's owner regarding actions he had taken to bring property into ADA compliance, such as that he had "leveled a threshold of a door and . . . moved grab bars an inch or two," because this "testimony was limited to facts within his personal knowledge"). The Court also noted that whether the changes Mr. Corcokius had made complied with the ADA was not in dispute. *See* DE 45 at 6. The Court therefore did not consider Mr. Corcokius' affidavit as expert testimony. To the extent Defendant intends to offer testimony from Mr. Corcokius at trial that is outside of his personal knowledge or which requires technical expertise,[1] Defendant may not do so because Defendant failed to disclose this testimony in compliance with Rule 26(a)(2)(B) and Rule 37(c)(1).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion in Limine to Exclude Testimony of Nick Corcokius [DE 48] is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 16th day of December, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[1] Courts sometimes allow experts to testify about compliance with ADA regulations, to the extent it is needed to understand the violations. *See Cordoves v. Miami-Dade Cnty.*, No. No. 14-20114-CIV, 2015 WL 2258457 (S.D. Fla. Mar. 2, 2015) (noting "courts have found experts qualified to testify about compliance with . . . ADA regulations" and citing examples).